UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| BRIAN STARVISH, | ) |
| Plaintiff, | ) |
| vs. | ) Case No.: 11 CV 4963 |
| The VILLAGE OF TINLEY PARK, Illinois, a municipal corporation, Tinley Park Police Officers BRIAN SZYMUSIAK, PATRICK ST. JOHN, DAVID DORIAN, and GREGORY KING, LIVE NATION ENTERTAINMENT, Inc., LIVE NATION WORLDWIDE, Inc., LIVE NATION CHICAGO, Inc., d/b/a FIRST MIDWEST BANK AMPHITHEATRE, and Live Nation Employees GERALD KAPINOS, WILLIAM KROUPA, TIMOTHY O'LAUGHLIN, and other UNKNOWN LIVE NATION EMPLOYEES, | ) JUDGE ) ) MAGISTRATE JUDGE |
| Defendants. | ) **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, BRIAN STARVISH, by and through his attorneys, The Hamilton Law Office, LLC, and The Law Office of Thomas P. Needham, makes the following complaint against Defendants The VILLAGE OF TINLEY PARK, ("Defendant Village"), Defendant Tinley Park Police Officers BRIAN SZYMUSIAK, PATRICK ST. JOHN, DAVID DORIAN, and GREGORY KING ("Defendant Officers"), LIVE NATION ENTERTAINMENT, Inc., LIVE NATION WORLDWIDE, Inc., and LIVE NATION CHICAGO, Inc., d/b/a FIRST MIDWEST BANK AMPHITHEATRE, ("Live Nation"), Live Nation employees GERALD KAPINOS, WILLIAM KROUPA and TIMOTHY O'LAUGHLIN and other UNKNOWN LIVE NATION EMPLOYEES ("Live Nation Employees"):

1

## JURISDICTION AND VENUE

1. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367.

3. Venue is proper under 28 U.S.C. § 1391(b). All Defendants reside in this judicial district and the events giving rise to the claims asserted in this complaint occurred within this district.

## PARTIES

4. PLAINTIFF is a thirty-year old resident of Geneseo, Illinois.

5. Defendant VILLAGE is a municipal corporation, duly incorporated under the laws of the State of Illinois, and was at all relevant times, the employer and principal of Defendant OFFICERS.

6. At all relevant times, Defendant OFFICERS, were, Tinley Park police officers, employed by Defendant VILLAGE, acting within the scope of their employment, and under color of law.

7. Defendant LIVE NATION ENTERTAINMENT, Inc. is a publicly traded corporation, duly incorporated under the laws of Delaware. Defendant LIVE NATION WORLDWIDE, Inc. is a wholly owned subsidiary of LIVE NATION ENTERTAINMENT, Inc., and owns registered trademark "Live Nation." LIVE NATION WORLDWIDE, Inc. is duly incorporated under the laws of California, and operates as a live music and event management company from its offices in Beverly Hills, California. Defendant LIVE NATION CHICAGO, Inc. is another wholly owned subsidiary of LIVE NATION ENTERTAINMENT, Inc., and is operated by LIVE NATION WORLDWIDE, Inc.. LIVE NATION CHICAGO, Inc. operates the venue known as First Midwest Bank Amphitheatre, in Tinley Park, Illinois. Defendants LIVE NATION ENTERTAINMENT, Inc., LIVE NATION WORLDWIDE, Inc., and LIVE NATION CHICAGO, Inc., are collectively referred to as "Live Nation."

8. Defendant LIVE NATION EMPLOYEES are or were employees or agents of Defendant

LIVE NATION, and were, at all relevant times, acting in the scope of that employment, and under color of law.

**FACTS**

9. On August 17, 2010, PLAINTIFF, his wife, and some friends went to a concert together at The First Midwest Bank Amphitheatre, in Tinley Park, Illinois.

10. Plaintiff and his wife drove to the concert and parked their car in the Amphitheatre's parking lot.

11. At approximately 5:30 p.m., while Plaintiff, his wife and his friends were watching the concert, a "mosh pit" was started nearby. LIVE NATION EMPLOYEES allowed the mosh pit to continue despite the fact that one of the participants repeatedly pushed into other concertgoers knocking them down and into the "mosh pit." Several people complained to LIVE NATION EMPLOYEES about the behavior of the mosh pit participant, but they did nothing. Subsequently, Plaintiff was knocked into the mosh-pit and was pushed into a LIVE NATION EMPLOYEE.

12. LIVE NATION EMPLOYEES then told Plaintiff he was being evicted from the concert. Multiple concertgoers who had seen what happened, told LIVE NATION EMPLOYEES that Plaintiff was not at fault, and that they were evicting the wrong guy. Nevertheless, LIVE NATION EMPLOYEES escorted Plaintiff out of the theatre.

13. Once outside, Plaintiff attempted to use his cell phone to call his wife who was still inside the theatre, because she had the keys to their locked car.

14. As Plaintiff attempted to tell his wife where he was and where to meet him, Defendant LIVE NATION EMPLOYEES attacked Plaintiff punching and kicking him several times in the face and body.

15. At some point, DEFENDANT OFFICERS arrived on the scene and joined in beating Plaintiff.

3

16. Plaintiff suffered severe pain as a result of this beating, which caused two black and swollen eyes, and several bruises and lacerations to his face and body, which were documented with photographic evidence.

17. Plaintiff was eventually taken to Advocate Christ Medical Center where he was treated for several facial and body lacerations and abrasions.

## Count I –42 U.S.C. § 1983 Excessive Force

18. Plaintiff re-alleges the preceding paragraphs as if fully restated here.

19. As more fully described in the preceding paragraphs, the intentional conduct of Defendants toward Plaintiff was objectively unreasonable under the circumstances, and thus constituted excessive force in violation of the Fourth Amendment to the United States Constitution.

20. Each DEFENDANT OFFICER was aware of his fellow officer's, and the LIVE NATION EMPLOYEE's misconduct, and each DEFENDANT OFFICER had a reasonable opportunity to intervene to prevent harm to Plaintiff, but failed to do so.

21. As a direct and proximate result of Defendants' use of excessive force, and/or failure to intervene, Plaintiff suffered physical and emotional damages which will be proven at trial.

**WHEREFORE**, Plaintiff prays for judgment against Defendants in a fair and just amount sufficient to compensate Plaintiff for the injuries he has suffered, plus a substantial sum in punitive damages, as well as costs, attorney's fees, and such other relief as is just and equitable.

## Count II – Illinois State Law Battery

22. Plaintiff re-alleges the preceding paragraphs as if fully restated here.

23. As more fully described above, Defendants willfully and wantonly and without legal justification, used an unreasonable amount of force upon Plaintiff.

24. As a direct and proximate result of this intentional misconduct, Plaintiff suffered physical and emotional harm.

25. Illinois law provides that public entities, such as Defendant VILLAGE and Defendant LIVE NATION, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

26. At all relevant times, DEFENDANT OFFICERS were agents of DEFENDANT VILLAGE, and acting within the scope of their employment as Tinley Park police officers. Defendant VILLAGE, therefore, is liable as principal for the torts DEFENDANT OFFICERS committed against Plaintiff.

27. At all relevant times, Defendant LIVE NATION EMPLOYEES were agents of Defendant LIVE NATION, and acting within the scope of their employment as security officers for Defendant LIVE NATION. Defendant LIVE NATION, is therefore, liable as principal for the torts its employees committed against Plaintiff.

**WHEREFORE**, Plaintiff prays for judgment against Defendants in a fair and just amount sufficient to compensate Plaintiff for the injuries he has suffered, as well as such other relief as is just and equitable.

**Plaintiff demands a trial by jury.**

BRIAN STARVISH, Plaintiff.

By: /s Torreya L. Hamilton
 Attorney for Plaintiff

 /s Thomas P. Needham
 Attorney for Plaintiff

HAMILTON LAW OFFICE, LLC
11 South LaSalle St., Suite 1000
Chicago, IL 60603
312.726.3173

LAW OFFICE OF THOMAS P. NEEDHAM
11 South LaSalle Street, Suite 1000
Chicago, IL 60603
773.726.3171